# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Vantus Bank, et al.,<br><br>    Defendants. | No. C12-4041-MWB<br><br>**ORDER RESETTING TRIAL, FINAL PRETRIAL CONFERENCE, AND STATING NEW REQUIREMENTS FOR FINAL PRETRIAL ORDER** |

_____

This matter comes before the court pursuant to Magistrate Judge Strand's Order (#58) filed February 27, 2014, establishing new deadlines in this case.

***IT IS ORDERED:***[1]

*I.* **_TRIAL DATE_:** The jury trial in this matter, currently set for September 15, 2014, is now scheduled to commence, with the undersigned presiding, on the **5th day of January, 2015**, at the U.S. Courthouse in Sioux City, Iowa.

*II.* **_CONTINUANCE OF TRIAL DATE_:** Unless requested within **14 days** after the date of this order, no continuance of the trial date will be granted except for exceptional cause.

*III.* **_FINAL PRETRIAL CONFERENCE_:** The final pretrial conference ("FPTC"), scheduled before United States Magistrate Judge Leonard T. Strand for September 2, 2014, at 3:00 p.m., will now be held on the **22nd day of December, 2014, at 3:00 p.m.** The FPTC will be held in person at the U.S. Courthouse in Sioux City,

---

[1] **NOTE: This form is different from that of Senior Judge O'Brien.**

Iowa, unless the parties agree in advance to a telephonic FPTC and so notify Judge Strand at least **5 days** before the FPTC. If the FPTC is being held by telephone, the court will initiate the conference call, but the parties must advise the court of the contact numbers for each party and counsel who will participate in a telephonic FPTC at least **3 days** before the FPTC.

   *IV.* *FINAL PRETRIAL ORDER*: The parties are jointly responsible for the preparation of the proposed Final Pretrial Order. Before the FPTC, *pro se* parties and counsel for represented parties must prepare, agree upon, and sign a proposed Final Pretrial Order prepared for Judge Strand's signature in the format attached to this order. The proposed order must not be filed, but must be e-mailed, in WordPerfect or MS Word format, to Judge Strand (leonard_strand@iand.uscourts.gov) at least **5 days** before the FPTC. The parties' exhibit lists, prepared as set forth below in this Order, must be attached to the proposed Final Pretrial Order, with the entire order, including the exhibit lists, constituting a single document.

   *V.* *WITNESS AND EXHIBIT LISTS*: Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order, in accordance with the instructions in the attached form order. The parties are not required to list rebuttal witnesses or impeachment exhibits. Proposed witness and exhibit lists must be exchanged by the parties (but not filed) at least **28 days** before the FPTC. At the time the parties exchange their exhibit lists, they also must give written notice to all adverse parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11), or 902(12) to establish foundation for records of regularly-conducted activities, and immediately thereafter they must make the records and the declaration available for inspection.

2

Case 5:12-cv-04041-MWB   Document 60   Filed 04/04/14   Page 2 of 20

**VI. *EXHIBITS*:** Exhibits must be prepared for trial in accordance with the following instructions:

 ***A. Marking of Exhibits.*** All exhibits must be marked by the parties before trial. Unless prior approval for a different exhibit identification system is obtained from Judge Strand, exhibits should be designated as follows: Plaintiff(s) will use numbers 1-999; defendant(s) will use numbers 1000-1999; joint exhibits will be numbered 2000-2999; and court's exhibits will be numbered 3000-3999. Although a party's exhibits must use numbers from the appropriate series, consecutive numbering of exhibits is not required, as pre-designated exhibits may be withdrawn for a number of reasons, or parties may wish to reserve part of their series of exhibit numbers for related exhibits, resulting in gaps. All exhibits longer than one page must contain page numbers at the bottom of each page. A group of exhibits of the same kind (such as pay stubs for several dates) may be given one exhibit number, with each sub-exhibit marked with the exhibit number and a lowercase letter (*e.g.*, Exhibit 102(a), Exhibit 102(b), etc.). ***The parties should make every effort to use this numbering system for deposition exhibits as well, so that deposition exhibits will not need to be redesignated for trial.***

 ***B. Elimination of Duplicates.*** The parties must compare their exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it must be marked and listed on the exhibit list as a joint exhibit using a number from the 2000 series. The duplicate exhibits in the parties' separate series must be removed from the exhibit list.

 ***C. Exhibits referenced in deposition testimony.*** All references to exhibits in deposition testimony presented to the jury must, if practicable, correspond or be redacted to correspond to the trial designations of those exhibits. ***Therefore, the parties should make every effort to use the trial exhibit numbering system for deposition exhibits from the start***. If good cause is shown, instead of redacting non-corresponding deposition exhibit designations, Judge Strand may allow the parties to submit cross-reference charts for deposition exhibits not numbered in the same way as trial exhibits. One such chart must list exhibits by deposition designations and indicate their trial designations, and one such chart must list exhibits by trial designations and indicate the deposition designations.

 ***D. Listing of Exhibits and Objections.*** The parties must list each exhibit separately in the exhibit lists, although a group of exhibits of the same kind (*e.g.*, a series of pay stubs) may be listed under one exhibit number with sub-exhibits

identified by lower case letter, as explained in paragraph A. ***Objections must be indicated in the manner shown in the attached Exhibit List Form, citing the pertinent Federal Rules of Evidence and identify the category of the objection (A, B, or C).*** If a party objects to only part or parts of an exhibit, but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are made and the other that redacts those parts.

  ***E. Copies for the Court.*** **The parties must bring to the FPTC** trial notebooks containing copies of all exhibits to be used at trial. The court's copies of exhibits must be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed and labeled. The parties must supply the Clerk of Court with a second set of exhibits, also tabbed and labeled in a ringed binder, to be used as the original trial exhibits in the official records of the court.

  ***F. Electronic filing of Exhibits.*** **All exhibits are to be filed electronically in accordance with Public Administrative Order 09-AO-03-P, filed May 29, 2009.**

## VII. *PRETRIAL SUBMISSIONS*:

  ***A. Trial Briefs.*** If the trial of the case will involve significant issues not adequately addressed by the parties in connection with dispositive motions or other pretrial motions, the parties must prepare trial briefs addressing such issues. Trial briefs must be filed **5 days** before the FPTC, and a copy must be served on any non-ECF counsel and *pro se* parties in the case.

  ***B. Other Pretrial Submissions.*** **5 days** before the FPTC, the parties must electronically file the following: (1) joint proposed jury instructions, (2) joint proposed jury statement, (3) proposed verdict forms, (4) any requested voir dire questions, and (5) any requested special interrogatories.

  The joint requested jury instructions, joint proposed jury statement, and any requested voir dire questions must be prepared and submitted in accordance with the following instructions:

   ***1. Jury Instructions*:** It is the practice of the court to read one complete set of final Jury Instructions, including case-specific and stock instructions, immediately before opening statements, reserving only the instructions on deliberations until after closing arguments, just prior to the

4

jury retiring to consider its verdict.  **The parties' assistance with the preparation of these Jury Instructions is mandatory, and failure to submit proposals or objections as indicated in this Order will be deemed waiver of such proposals or objections.**  To aid the parties in meeting their obligation to assist with the preparation of Jury Instructions, instructions used in prior cases, including case-specific and stock instructions, can be viewed on the court's website at *www.iand.uscourts.gov*.  Jury instructions must be prepared and submitted in accordance with the following instructions:

> *a.* At least **21 days** before the FPTC, the parties must serve on each other (but not file) proposed jury instructions.  In addition, because counsel for the plaintiff(s) ultimately will be responsible for compiling a unified set of instructions for Judge Bennett, counsel for the defendant(s) must provide counsel for the plaintiff(s) with the proposed instructions of the defendant(s), in word processing format, via e-mail or on a CD.
>
> *b.* At least **14 days** before the FPTC, counsel for the parties must consult, either personally or by telephone, and attempt to work out any differences in their proposed jury instructions.
>
> *c.* Counsel for the plaintiff(s) must then organize the proposed jury instructions into one document, prefaced by a table of contents.  Agreed instructions should be indicated with a footnote to the title of each such instruction.  Differing instructions on the same subject matter (such as an "elements" instruction) proposed by opposing parties must be presented in a *single* instruction with agreed language shown in plain text, disputed language shown in brackets and bold text, and a footnote indicating the offering party, the authority for the proffered language, the opposing party's objection (including whether the objection is to giving the Jury Instruction, or to the language of the Jury Instruction, or to both), and the authority for the objection.  If only one party proffers a Jury Instruction on a particular topic, then the parties are required to indicate in a footnote to the title of that Jury Instruction who is the offering party, the supporting authority for the instruction, the opposing party's objection(s), and the supporting authority for the objection(s).

*d.* Each instruction must treat a single subject and must be numbered individually, on a separate sheet of paper, and double-spaced.

*e.* The parties *must* cite authority (decisions, statutes, regulations, model or pattern Jury Instructions, or Jury Instructions used in prior cases) for each of their proffered Jury Instructions, including agreed Jury Instructions, and any objections to a Jury Instruction proposed by an opposing party. Each objection must include whether the objection is to giving the Jury Instruction, or to specific, identified language of the Jury Instruction, or to both.

*f.* Unmodified model Jury Instructions from the 8th Circuit Model Civil Jury Instructions or the Iowa Model Civil Jury Instructions may be requested by reference to the edition and model Jury Instruction number. Model or pattern Jury Instructions from other sources must be requested in full text with citations to the sources. The parties should only propose unmodified model or pattern Jury Instructions to the extent that Judge Bennett's standard Jury Instructions do not address the topic at issue or are inadequate or inappropriate in this case.

*g.* Instructions not requested as set forth above will be deemed waived unless the subject of the instruction is one arising in the course of trial that reasonably could not have been anticipated before trial from the pleadings, discovery, or nature of the case.

*2. Jury Statement*: The court will read a jury statement to the jury panel before voir dire so that the members of the panel will be able to give meaningful responses to voir dire questions. The parties must provide a proposed jury statement. The jury statement is intended to and should identify the parties, provide some factual background, and provide a short, plain statement of the parties' claims and defenses. It is not intended to and should not contain any preview of the parties' arguments. Therefore, there should be no reason for heated disputes between the parties concerning the contents of the jury statement. To the extent that the parties are unable to agree on the language of the entire jury statement, they should indicate the agreed portions in plain text, with disputed portions shown in brackets and

6

bold text, with a footnote identifying the offering party, the basis for the proffered statement, the objecting party and the basis for the objection.

**3. *Requested Voir Dire Questions*:** The parties may request that Judge Bennett ask voir dire questions specific to this case. The parties also will be permitted to conduct their own voir dire in the manner set out in the attached voir dire instructions.

**4. *Juror Questions*:** Judge Bennett allows the jurors to write down questions during trial. At the conclusion of the examination of each witness, the questions are collected. The questions are then reviewed by the court and counsel at side bar and, if approved, asked by Judge Bennett with follow-up questions, if any, by counsel. The counsel that called the witness begins the questioning.

*VIII. DEMONSTRATIVE AIDS:* A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to representatives of all other parties participating in the trial. The term "demonstrative aid" includes charts, diagrams, models, samples, and animations, but does not include exhibits admitted into evidence, or outlines of opening statements or closing arguments.

*IX. PROTOCOL FOR WITNESSES:* An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box;[2] (C) the fact that the witness will be placed under oath; (D) where the witness should stand while the oath is being administered; (E) that the witness should adjust the

---

[2] A map displaying this route is attached to this order. A copy of this map should be provided to each witness who is unfamiliar with the layout of the courtroom by the attorney calling the witness to testify.

7

Case 5:12-cv-04041-MWB   Document 60   Filed 04/04/14   Page 7 of 20

witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages, and chewing gum should not be brought into the courtroom.

Attorneys also must advise their clients and witnesses of proper dress for the courtroom. Proper dress does not include shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops, or the like. The testimony of any witness who appears in court in the presence of the jury in attire prohibited by this section may be barred.

### X. *RESTRICTIONS ON WITNESSES*:

**A.** *Exclusion of Witnesses*. A witness who may testify at the trial or at an evidentiary hearing must not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

**B.** *Restrictions on Communications with Witnesses*. Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

8

*C. Parties*.  The restrictions on witnesses in paragraphs (A) and (B) of this section do not apply to the parties.

*D. Uniformed Witnesses*.  No person who testifies at trial, and no party, may appear in court in the presence of the jury wearing a uniform.  All witnesses and parties must, at all times while in the presence of the jury, wear appropriate civilian clothing that does not identify the person as a representative of any agency, group, or organization.  The testimony of any witness or party appearing in court before a jury in attire prohibited by this order may be barred.

*E. Duties of Counsel*.  An attorney who may call a witness to testify at the trial or evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section.

*XI.     TESTIMONY BY DEPOSITION*:  With respect to any witness who will testify by deposition, at least **28 days** before trial, the party intending to offer the witness must serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends to have read into evidence.  At least **21 days** before trial, any opposing party who objects to the intended testimony must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends to have read into evidence.  At least **14 days** before trial, the party offering the witness must serve upon the opposing parties any objections to the counter-designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence.  At least **10 days** before trial, the parties must consult, either personally or by telephone, and attempt to work out any objections to the proposed deposition testimony.

At least **7 days** before trial, the party intending to offer the deposition testimony must provide Judge Bennett with a copy of the deposition, with the parts of the deposition to be read to the jury clearly indicated on the deposition, together with a statement listing

9

all unresolved objections. Judge Bennett will review any objections, listen to any arguments, and make any necessary rulings outside the presence of the jury to permit a "clean read" of the deposition to the jury. The court also will expect the parties to edit any video deposition accordingly.

All references in depositions to exhibit numbers must correspond to the exhibit numbers used at trial, as discussed in paragraph VI.A of this Order.

    *XII.* *MOTIONS IN LIMINE***:** The parties are required to notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of any novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial. All such motions must be served and filed at least **28 days** before the FPTC.

    *XIII.* *OPENING STATEMENTS; CLOSING ARGUMENTS:* Opening statements are limited to **30 minutes** and closing arguments are limited to **one hour**. **A request for additional time for opening statements or closing arguments must be made no later than the commencement of trial.**

    *XIV.* *SETTLEMENT CONFERENCE***:** Any party desiring a settlement conference should contact Judge Strand in Sioux City, Iowa, 712/233-3921, at the earliest opportunity. Such contact may be *ex parte* for the sole purpose of requesting a settlement conference. A settlement conference will be scheduled with a judge who will not be involved in trying the case.

    *XV.* *SETTLEMENT DEADLINE***:** The court hereby imposes a settlement deadline of **5:00 p.m., 7 days** before the first scheduled day of trial. If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

**DATED** this 4th day of April, 2014.

                                              */s/ Mark W. Bennett*
                                              MARK W. BENNETT
                                              U. S. DISTRICT COURT JUDGE
                                              NORTHERN DISTRICT OF IOWA

# JUDGE BENNETT'S VOIR DIRE INSTRUCTIONS

The following are Judge Bennett's jury selection procedures.

1. Approximately 30 randomly-selected potential jurors will be notified to appear at the courthouse at 8:30 a.m. on the first day of trial. About a week before trial, the attorneys will receive from the Clerk of Court a list of the potential jurors, together with copies of their juror questionnaires. The attorneys also will receive a list of the first 14 potential jurors in the order in which they were randomly drawn. The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

2. The first 14 preselected potential jurors who appear for jury selection will be seated in order in the jury box,[*] and will be the potential jurors first considered for empanelment on the jury.

3. At 9:00 a.m., the Clerk of Court will open court.

4. Judge Bennett will greet the jury, counsel, and the parties; announce the name of the case to be tried; and ask counsel if they are ready to proceed.

5. Judge Bennett will swear in the entire jury panel.

6. Judge Bennett will make some introductory remarks to the jury about the jury selection process.

7. Judge Bennett will ask the entire jury panel if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom he believes jury service would be an undue burden.

8. Judge Bennett will make some brief opening remarks, and will read a statement of the case.

9. Judge Bennett will introduce the courtroom staff. He then will ask the attorneys to identify themselves, the members of their firm, their clients, and the witnesses they expect to call at trial.

10. Judge Bennett will engage the potential jurors in the jury box in an extensive voir dire, utilizing PowerPoint presentation software to display his questions on the

---

[*] If any of the first 14 preselected potential jurors do not appear for jury selection or are excused from jury service after arriving at the courthouse, that potential juror will be replaced with the next potential juror on the judge's list of preselected potential jurors, and the attorneys will be provided with an updated list.

presentation equipment in the courtroom. This voir dire may include questions for the panel requested by a party who has served and filed a timely pretrial request for voir dire.

11. After Judge Bennett has completed his questions, each side will be permitted to conduct up to one-half hour of jury voir dire. A request for additional time for attorney voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made at the FPTC.

12. The parties will be permitted to challenge any potential juror for cause. These challenges may be made at the side-bar. If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the jury list, who then will undergo the same questioning as the other potential jurors. There will be 14 potential jurors remaining in the jury box at the conclusion of voir dire.

13. The Clerk of Court will give counsel for the plaintiff(s) a list of the names of the 14 remaining potential jurors. Counsel for the plaintiff(s) is/are to strike one of the names by noting in the margin "π's first peremptory challenge," and then state aloud, "Exercised." The Clerk of Court then will take the list and hand it to counsel for the defendant(s), who is/are to strike one of the names by noting in the margin "Δ's first peremptory challenge," and then state aloud, "Exercised." This procedure will be repeated until the plaintiff(s) and defendant(s) each have exercised 3 peremptory challenges, and 8 jurors remain in the jury box.

14. The names of the 8 remaining jurors will be announced by the Clerk of Court. Those persons will be placed in the jury box and will constitute the jury in the case. The rest of the panel will be excused.

15. Judge Bennett will swear in the jury.

16. **THERE ARE NO ALTERNATE JURORS. ANY VERDICT MUST BE UNANIMOUS.** During trial, if any of the 8 jurors has to be excused from jury service for any reason, the case can be decided by as few as 6 jurors.

17. Upon stipulation of the parties, the verdict can be less than unanimous or decided by fewer than 6 jurors, or both.

18. Upon the request of any party, Judge Bennett will consider modifying jury selection procedures in a particular case. Such modifications may include, but are not limited to, a twelve-person jury or an increase in lawyer participation in voir dire.

# MAP OF THE THIRD-FLOOR COURTROOM
# FEDERAL BUILDING, SIOUX CITY, IOWA



UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
_____ DIVISION

**[*INSERT PARTIES AND CASE NUMBER*]**

**FINAL PRETRIAL ORDER**
**[PROPOSED]**

*[NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order, as applicable.]*

This final pretrial order was entered after a final pretrial conference held on *[date]*. The court expects the parties to comply fully with this order. *[Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.]*

The following counsel, who will try the case, appeared at the conference *[Except in the case of attorneys at the same firm, list each attorney's information separately. Include an e-mail address for each attorney who will try the case.]*:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number *[include area code]*
   Facsimile Number *[include area code]*
   E-mail address

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number *[include area code]*
   Facsimile Number *[include area code]*
   E-mail address

**I.     STIPULATIONS OF FACT:**  The parties agree that the following facts are true and undisputed:  *[The parties are to recite all material facts as to which there is no dispute.  Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage.  The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")]*

      A.
      B.

**II.     EXHIBIT LIST**:  The parties' exhibit lists are attached to this Order.  *[The parties are to **attach to this order** (<u>not</u> include in the body of the order) exhibit lists that include all exhibits (except for impeachment exhibits) each party intends to offer into evidence at trial.  Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.*

*All exhibits are to be made available to opposing counsel for inspection at least **28 days** before the date of the FPTC.  Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.  Any exhibit not listed on the attached exhibit list is subject to exclusion at trial.  The court may deem any objection not stated on the attached exhibit list as waived.*

***The parties must bring to the Final Pretrial Conference*** *trial notebooks containing copies of all exhibits to be used at trial.  The court's copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.  The parties must supply the Clerk of Court with a second set of exhibits, also tabbed and in a ringed binder, to be used as the original trial exhibits in the official records of the court.]*

**III.     WITNESS LIST**:  The parties intend to call the following witnesses at trial:  *[Each party must prepare a witness list, in the following format, that includes all witnesses (except for rebuttal witnesses) the party intends to call to testify at trial.  The parties are*

*to exchange their separate witness lists at least **21 days** before the date of the FPTC. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.]*

    A.    Plaintiff('s)(s') witnesses *[list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection]*:
        1.
        2.

    B.    Defendant('s(s')) witnesses *[list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection]*:
        1.
        2.

All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. ***Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.***

    **IV.**    <u>**RESTRICTIONS ON WITNESSES**</u>: A witness who may testify at the trial or at an evidentiary hearing must not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

These prohibitions do not apply to the parties. An attorney who may call a witness to testify at trial must, before the trial, advise the witness of these restrictions.

V. **EVIDENTIARY AND OTHER LEGAL ISSUES**:

    A.    Plaintiff('s)(s') Issues:

        1.
        2.

    B.    Defendant('s)(s') Issues:

        1.
        2.

*[The parties must list all unusual evidentiary and legal issues that are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.]*

VI. **COURTROOM TECHNOLOGY**: Prior to trial, attorneys and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operation of the equipment. Instruction and training on the proper use of the equipment may be obtained at a training session set up by prior appointment with Amanda Hughes, who may be contacted at 712-233-3845.

VII. **OPENING STATEMENTS; CLOSING ARGUMENTS:** Opening statements are limited to **30 minutes** and closing arguments are limited to **one hour**. **A request for additional time for opening statements or closing arguments must be made no later than the commencement of trial.**

VIII. **PROTOCOL FOR WITNESSES**: An attorney who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box; (C) the fact that the witness will be placed under oath; (D) where the witness

4

Case 5:12-cv-04041-MWB   Document 60   Filed 04/04/14   Page 18 of 20

should stand while the oath is being administered; (E) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages, and chewing gum should not be brought into the courtroom.

Attorneys also must advise their clients and witnesses of proper dress for the courtroom. Proper dress does not include shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops, or the like. The testimony of any witness who appears in court in the presence of the jury in attire prohibited by this section may be barred.

**IX. DEMONSTRATIVE AIDS**: A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to representatives of all other parties participating in the trial. The term "demonstrative aid" includes charts, diagrams, models, samples, and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments.

**IT IS SO ORDERED.**

**DATED** this _____ day of _____, 20____.

_____
**LEONARD T. STRAND**
**MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

# (PLAINTIFF'S) (PLAINTIFFS') (DEFENDANT'S) (DEFENDANTS') EXHIBIT LIST
*[Form]*

The following categories have been used for objections to exhibits:

A. **Category A.** These exhibits already will be in evidence at the commencement of the trial, and will be available for use by any party at any stage of the proceedings without further offer, proof, or objection.

B. **Category B.** These exhibits are objected to on grounds **other than** foundation, identification, or authenticity. This category has been used for objections such as hearsay or relevance.

C. **Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category **has not** been used for other grounds, such as hearsay or relevance.

| (Plaintiff's)(Plaintiffs') (Defendant's)(Defendants') Exhibits | Objections [Cite Fed. R. Evid.] | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| 1. [*describe exhibit*] | | | | * |
| 2. [*describe exhibit*] | | | | |
| 3. [*describe exhibit*] | | | | |
| 4. [*describe exhibit*] | | | | |
| 5. [*describe exhibit*] | | | | |

*[\*This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.]*